By the Court.
The paper . writing was refused probate, on the ground that it had not been lawfully executed as a will. ,
Section 5914, Revised Statutes, which provides who may make a will, is as follows: “Any person of full age and of sound mind and memory, and not under restraint, having any property, personal or real, or any interest therein, may give and bequeath the same to any person by last will and testament lawfully executed.”
Section 5916, which directs how a will shall be made, is as follows: “Every last will and testament (except nuncupative wills, hereinafter provided for) shall be in writing, and signed at the end thereof by the party making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of such party, by two or *432 more competent witnesses, who saw the testator subscribe, or heard him acknowledge the same.”
At the hearing of the case in the common pleas, it was shown that the alleged will in form, complied with the statute, and that at the date of its purported execution the maker was of full age, of sound mind and memory, and not under restraint.
One of the subscribing witnesses having deceased, his signature was duly proven. This had the effect in law of proof that the purported will had been duly acknowledged in the presence of that witness.
By the testimony . of the other witness, it was shown affirmatively that the alleged will was not executed and acknowledged in accordance with the statute, in that there was no acknowledgment by the maker, either of the paper as his will, or of his signature thereto, in the presence of that subscribing witness.
Upon the case as thus made by the propounders of the paper writing, the order of the court refusing- to admit it to' probate as the will of John Feuchter, was the only order which the facts warranted, and was, therefore, not erroneous. Raudebaugh v. Shelley, 6 Ohio St., 307; Haynes v. Haynes, 33 Ohio St., 598.

Judgment affirmed.